(Judge Follett, of the Fifth Circuit, taking the place of Judge Stewart.)

*ROBERT A. BUTLER AND CAROLINE BUTLER v. C. W. CREAGER AND JOHN MERRICK.

1. EXISTENCE OF A VENDOR'S LIEN UPON LAND.

A vendor's lien upon land does not exist where the conduct of the parties and their stipulations affirmatively show an intention to the contrary.

2. RIGHT OF MORTGAGEE TO ASSERT A LIEN UPON THE PREMISES FOR THE FULL AMOUNT OF HIS MORTGAGE.

When the owner of real estate charges it with a usurious mortgage, and subsequently conveys it without reserve, allowing to the purchaser an abatement of the purchase price to the full amount of the mortgage which the purchaser agrees to pay to the mortgagee, the latter thereby becomes entitled to assert a lien upon the premises for the full amount of his mortgage; and this right the mortgagor cannot subsequently revoke by suit or otherwise.

ON APPEAL from the Common Pleas Court of Greene county.

In their amended petition the plaintiffs allege that on the 4th day of May, 1886, they executed to the defendant, Creager, their mortgage deed for 120 acres, situated in Greene county, and described in the petition, to secure a note for $6,133.05, executed by them to Creager upon the same day, and payable in one year with eight per cent. interest; that as husband and wife they owned said real estate until March 26, 1886, when they sold and conveyed the same to the defendant Merrick by warranty deed for $6,833.00, which sum Merrick agreed to pay them, he assuming the payment of the amount due on said mortgage, and retaining out of the money so agreed to be paid the sum of $6,133.05, together with interest thereon until March 26, 1886, at eight per cent.; that Merrick threatens to and unless restrained, will pay to Creager the entire amount of said mortgage, to-wit: $6,133.05 with eight per cent. interest from May 4, 1885; that said entire sum is not due Creager on said note and mortgage, because the consideration thereof was made up of numerous loans of money previously mady by Creager to the Butlers, on which large sums had been paid as usurious interest, amounting in the aggregate to $1,000.00, more or less. The plaintiffs pray that an account be taken as to the amount due Creager on said note and mortgage after purging the same of usury; that Merrick be ordered to pay the amount so found due to Creager, and that he be adjudged to

---

*The judgment in this case was affirmed by the Supreme Court, without report, October 28, 1890.

pay them the balance of said purchase price, or the amount of the usury found to be incorporated in said note; for an order restraining Creager from disposing of the note and mortgage; that Merrick be enjoined from paying the amount of the note to Creager, and that the amount of the usury incorporated into the note be charged upon the land in favor of the Butlers, as vendors of the premises.

In an amendment the plaintiffs allege, that "Merrick is indebted to them, as and for purchase-money for said real estate, to the extent of the excess so paid and claimed on account of such usurious interest over the true amount due on such note and mortgage purged of such usury, to-wit, the sum of $1,679.79, which they asked to have charged upon the premises.

The original petition was filed on the same day the deed was executed by the Butlers to Merrick, and on the day following summons was served on Merrick and Creager in Montgomery county, where they both resided.

June 12, 1886, Creager answered, admitting that at the time of the conveyance to Merrick he held a mortgage on the premises upon which then was due, including interest, the sum of $6,563.73; but alleging that on the 2d day of April, 1886, Merrick, pursuant to an arrangement made between them before Merrick purchased the premises, transferred to him certain notes, and paid him a sum in cash in full payment of his mortgage, which he then released. Disclaiming all interest in the action, he asked to be dismissed with costs.

On the same day Merrick answered, alleging that the plaintiffs offered the land for sale at public auction; that desiring to bid therefor, but not having the means to pay for it and settle the Creager mortgage according to its terms, he arranged with the mortgagee to accept in part satisfaction notes amounting to $3,200.00, which he held against third parties, and which were not due; that having made this arrangement with the mortgagee, he attended the auction sale and bid for the land $6,832.00, which being the highest bid, was accepted; that a contract was then entered into between him and the plaintiffs for the conveyance of the land for that consideration, on or before April 1, 1886; that on the 26th of March, 1886, he and the plaintiffs met for the purpose of concluding the sale according to the contract, when the amount due upon the Creager mortgage was, with the knowledge and assent of the plaintiffs, calculated according to its terms, and found to be $6,563.73, including interest to that date; that he had no knowledge that the mortgage was tainted with usury, and that neither of the plaintiffs then claimed that it was; that with their knowledge, and with their assent, the above amount was deducted from the purchase price as the amount then due on the mortgage which he assumed; that a further sum was deducted on account of a tax lien, leaving of the purchase money $218.43, which he paid to the plaintiffs, and which they accepted in full payment for said land, they then delivering to him the deed therefor; that he thereupon paid to Creager the sum of $6,563.73, and the mortgage was then cancelled; and that having never been informed until after the bringing of this suit that the Creager mortgage was tainted with usury, and having at the time of answering no knowledge that it was so in fact, he denies the allegations of the petition in that regard.

The plaintiffs replying, deny that the land was sold at public auction; they deny that they consented that Merrick should retain the amount apparently due upon the mortgage; but they allege that they then notified him that a large amount of usury had entered into the consideration of the mortgage, and that they intended to insist that such usury should be deducted therefrom, and that he retained the full amount of the mortgage against their protest; they further allege that they then notified Merrick not to pay Creager the face of the mortgage, and that they intended to institute proceedings at once to purge the note and mortgage of illegal interest, and that they would hold him liable for the purchase money; that summons in the case was served on Merrick March 27, 1886, before he had made any payment to Creager, and that he was then again

notified not to make such payment. They also deny that they accepted the sum of $218.43 in full payment of the purchase price of the land, or so much thereof as was payable to them, but say it was received on account only, and allege that if Merrick has paid Creager the amount of his mortgage, it was after the service of summons, and upon an agreement that Creager should repay to him the amount which the court in this suit may find to be due plaintiffs on account of usury.

SHAUCK, J.

The evidence shows that the plaintiffs had paid Creager considerable sums of usurious interest on the prior loans which constituted the consideration for the note and mortgage in force when they sold the land to Merrick. It also shows that this suit was begun on the day the deed was signed and delivered; that early on the day following, service of summons was made upon Merrick and Creager in Montgomery county, where they resided; that the nature of the plaintiff's claim was explained them by their attorney, who accompanied the sheriff for that purpose; and that it was not until a week later that Merrick delivered to Creager the notes of the third parties amounting to $3,200, and the cash necessary to make the amount due on the mortgage, according to its terms, and procured the cancellation thereof. In all other respects the averments of Merrick's answer are fully sustained by the evidence.

The evidence does not warrant the conclusion that Merrick agreed to hold the purchase-money until the judgment of the court could be had upon the amount of the usury in the mortgage, or that he had notice when he received the deed that any suit for that purpose was contemplated by the plaintiffs; or even that he had knowledge that the mortgage was tainted with usury, or that the plaintiffs so claimed. True, the plaintiffs and their sons so testify; but we are not favorably impressed with the expansion of their knowledge in that regard, as shown in their earlier and later pleadings and depositions filed in the case. That no such notice was given by the plaintiffs, or agreement made by Merrick, is clearly shown, not only by the testimony of Merrick, but by that of six other intelligent witnesses who were present, and who are entirely without interest in the case. The facts that the plaintiffs had the original petition in this case lying in wait for the execution of the deed, and that great haste was made to obtain service on the defendants early on the day following, are not suggestive of a reliance upon a promise by Merrick to retain the money until a judgment could be had determining the amount of the usury.

For the defendants something is claimed from the fact that Merrick actually paid to Creager the money, and delivered to him the notes previously agreed upon, and thus secured a cancellation of the mortgage; and on behalf of the plaintiffs it is insisted that their claim is supported by the fact that when the money was paid and the notes delivered, Creager indemnified Merrick against the results of this suit previously brought. Neither of these facts has legal significance. The rights of the parties are to be determined according to the facts as they existed when service was had. If the plaintiffs then had the right to maintain the action, Merrick could not defeat it by subsequently delivering to Creager the notes and money previously agreed upon. If upon the other hand, he had the right to procure the cancellation of the mortgage according to the previous contract, no waiver of that right can be inferred from the fact that he chose to exact, and Creager to give, the indemnity.

The attempt of the plaintiffs is to assert a vendor's lien upon the premises, for the difference between the amount of the Creager mortgage which the grantee had agreed to pay as a part of the consideration of the purchase, and the amount which they would have been compelled to pay had suit been instituted against them upon the note, or had the mortgage been foreclosed while they owned the premises. The lien exists, if at all, independently of any contract between the vendor and the purchaser for the payment of the purchase money

by him to them, since at the time of the execution of the deed, the difference between the amount due upon the mortgage according to its terms, and the price of the land as agreed upon, was paid by him and accepted by them, as the entire amount payable to them on account of the purchase. According to the terms of the contract, he owed them no further duty, except to save them from liability to the holder of the note and mortgage. No breach of that duty is alleged.

The vendor's lien is purely the creature of equity. It finds no authority in positive law. It is founded upon the reason that it is not according to conscience that the vendee should retain the land without performing the obligations which induced the vendor to make the sale. It is worked out upon the theory that to the extent of such obligations, the purchaser becomes the trustee of the legal title for the benefit of the vendor. While it may exist without any stipulation of the parties to that end, a vendor will be permitted to assert it contrary to the intention of the parties as shown by their stipulations or conduct. To this, as to other modes of relief in equity, it is indispensable to the favorable judgment of the court, that the plaintiff himself has acted in good faith and without disguise or concealment.

Whatever may have been the secret intention of the plaintiffs at the time of the execution of this deed, the attempted assertion of the lien is not consistent with any disclosed intention, or with the stipulation or conduct of the parties. The purchaser as the consideration for the deed agreed to pay to Creager the amount of this mortgage, and to the plaintiffs the sum agreed upon as the excess. Both of these obligations he has performed. Upon the consideration thus paid and assumed, he bargained in good faith to become the absolute owner of the land, and it would be inequitable to hold that he may, by cunning or artifice, be placed in the position of a trustee.

Moreover, the right to plead the usury in the Creager mortgage was personal to the Butlers from whom it had been exacted, and they must be deemed to have waived it so far as the lien upon the real estate is concerned by the conveyance of their entire interest therein without reservation. Whatever may have been the form of the transaction, it concerned only an equity of redemption, for within the knowledge of both parties the Butlers owned nothing more. If this had been the form of the transaction, the presumption would have been that the purchaser took subject to the mortgage and upon corresponding abatement of the price, and he would not be permitted to plead usury against the mortgage thus assumed. In this case, the stipulation of the parties were in accord with this presumption; for Merrick retained out of the purchase price the face of the mortgage, and his agreement to pay it to the mortgagee was accepted as *pro tanto* a payment of the consideration. For more obvious reasons, he would not have been permitted to assert that the mortgage was tainted with usury. Bank v. Bell et al., 14 O. S., 200; Cramer v. Lepper et al., 26 O. S., 59; Jones on Mortgages, 736.

The right and liabilities of the parties were thus irrevocably fixed by the delivery and acceptance of the deed, under the circumstances and upon the stipulations stated. The Butlers having without reserve conveyed their interest in the premises, were no longer proper parties to a suit to foreclose the mortgage, and could not plead the usury as against the lien upon the land. Nor could Merrick plead the usury, for it was not his privilege, and he had received a credit for the full amount of the mortgage by an abatement of the purchase price. Creager had become entitled to assert his lien upon the land for the full amount of his mortgage, notwithstanding the usury. That right becoming fixed, the moment the deed was accepted could not be revoked by the mortgagor or the mortgagee. Hartley v. Harrison, 24 N. Y., 170.

The subsequent act of Merrick, in discharging the mortgage according to an agreement made with the mortgagee prior to the sale of the lands, was simply

the performance of an obligation against which he could allege no defense, and which the mortgagor could not defeat by this suit, or otherwise.

The petition will be dismissed.

FOLLETT, J., dissented.

F. P. Cunningham and Little & Spencer, for plaintiffs.

A. A. Winters, E. H. Munger, and Charles Darlington, for defendants.